**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW CARLEY, | : | Civil No. 07-3813 (SDW) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| HANK TKACH, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

> MATTHEW CARLEY, #154594, Plaintiff <u>Pro Se</u>
> Passaic County Jail
> 11 Marshal Street
> Paterson, New Jersey  07501

<u>WIGENTON, District Judge</u>

Plaintiff Matthew Carley, a prisoner confined at Passaic County Jail, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.[1]  Based on his affidavit of poverty, prison account statement, and the absence of three prior dismissals within 28 U.S.C. § 1915(g), the Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Amended Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account and forward same to the Clerk of the Court when funds

---

[1] This case was administratively terminated on September 4, 2007, and December 6, 2007, without filing the Complaint, because Plaintiff's application to proceed <u>in forma pauperis</u> was incomplete and the Complaint was not legible.  The December 6, 2007, Order provided that Plaintiff may have the case reopened if he submits a legibly written amended complaint to the Clerk within 30 days of the entry of the Order.

exist; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's

prison account to the Clerk each subsequent month that the amount in the account exceeds

$10.00, until the $350.00 filing fee is paid in full, regardless of the outcome of the litigation.  See

28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, as required by 28

U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court will dismiss the Amended Complaint in part.

## I.  BACKGROUND

In the Amended Complaint, Plaintiff alleges civil rights violations under 42 U.S.C. §

1983 arising from his arrest on August 16, 2005.  The named Defendants are Clifton police

officers Hank Tkach, Wayne Krulikowsky, Kida and Berkenbush; and Scotch Plains police

officers Joe Citarella and Neal Lestrange.  Plaintiff asserts the following facts, which this Court

is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d

62, 66 (3d Cir. 2007) (citing Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3d Cir.

1990)).  He alleges that on August 16, 2005, Defendant Tkach wrote criminal complaints

alleging that Plaintiff had committed criminal acts.  Defendant Sgt. Krulikowsky allegedly

determined the existence of probable cause and issued warrants for Plaintiff's arrest.  Plaintiff

asserts that the criminal complaints were devoid of facts to provide probable cause, and that the

arrest warrant was not issued by a judicial officer.  Plaintiff alleges that Tkach faxed the

complaint/arrest warrants to the Scotch Plains Police Department.

Plaintiff asserts that, at the request of the Scotch Plains Police, he reported to the Scotch

Plains police station that afternoon to answer questions about an incident the previous evening.

Plaintiff alleges that Defendant Citarella placed Plaintiff into a holding cell with the approval of

Defendant Lt. Lestrange.  Plaintiff asserts that Defendants Kida and Berkenbush arrived at the

2

Scotch Plains police station, and Plaintiff was handcuffed, placed into the back seat of a police car, and transported to the Clifton police station. Plaintiff alleges that Defendant Tkach and four other detectives thereafter interrogated him for several hours, without informing him of the criminal complaint/warrants. Plaintiff asserts that on August 19, 2005, he appeared before Superior Court Judge Ronald Marmo in Paterson, New Jersey. Plaintiff alleges that Judge Marmo did not conduct a probable cause hearing or determine the existence of probable cause, nor did the Judge provide Plaintiff with copies of the complaint/arrest warrants.

Plaintiff asserts that in July 2005 he filed a suppression motion in the Superior Court, but the Superior Court has not yet scheduled a date for the suppression hearing.

Several documents are attached to Plaintiff's Complaint. Exhibit 1 is an arrest warrant/criminal complaint, No. 2005-11134, issued against Plaintiff on August 16, 2005. This document indicates that Det. Hank Tkach complained that on August 16, 2005, Carley "did commit an act of burglary upon Brian Grogan and April Russo by entering 65 Marlboro Rd Clifton, NJ with the intent to commit a crime therein and while being armed with a loaded Baretta . . . handgun," in violation of N.J. STAT. ANN. § 2C:18-2a, and that he was in possession of a loaded Baretta handgun with the purpose of using it unlawfully in violation of N.J. STAT. ANN. § 2C:39-1a. The document appears to be signed by Defendants Tkach and Krulikowsky, and underneath these signatures it states: "To any peace officer or other authorized person: pursuant to this warrant, you are hereby commanded to arrest the named defendant and bring that person forthwith before this court to answer this complaint . . . Date warrant issued 8/16/05." (Compl., Exhibit 1.) Immediately underneath, there is a blank space for the "signature of judicial officer." (Id.)

3

Exhibit 2 is another complaint/warrant against Plaintiff dated August 16, 2005.  Officer Tkach is the complainant, and asserts that Plaintiff committed the crimes of attempted murder of Brian Grogan while committing burglary, and possession of a handgun without a permit, in violation of N.J. STAT. ANN. §§ 2C:5-1/2C:11-3 and 2C:39-5b.  (Compl., Exhibit 2.)  It further provides: "Probable cause to include statements of the victims and other facts enumerated in Clifton PD report 2005-11134."  (Id.)  Like the first complaint/warrant, this document directs officers to arrest Plaintiff, but it is not signed by a judicial officer.

Exhibit 3 consists of Plaintiff's two-page motion to suppress, dated July 10, 2007, which he allegedly filed in the Superior Court of New Jersey in State v. Carley, Indictment No. 05-11-1605.  Attached to the motion is a 17-page letter brief dated July 10, 2007, supporting an omnibus motion for suppression.

Plaintiff contends that his arrest on August 16, 2005, his confinement and his interrogation violated his Fourth, Fifth and Sixth Amendment rights.  Specifically, Plaintiff alleges that Defendants Tkach and Krulikowsky violated his constitutional rights by improperly issuing arrest warrants, causing his arrest without probable cause, and interrogating him in violation of his rights to remain silent and to the presence of an attorney.  Plaintiff maintains that Defendants Citarella and Lestrange violated his constitutional rights by arresting him without probable cause pursuant to the faxed arrest warrant/complaints, which did not establish probable cause and were not issued by a judicial officer.  Plaintiff asserts that Officers Kida and Berkenbush violated his constitutional rights by executing the unconstitutionally issued arrest warrants.  Plaintiff seeks the following relief:

> I am looking for this court to declare complaint-warrants 2005-001403-1602 and 2005-001404-1602 unconstitutionally issued, executed and returned and the fruits of these actions unconstitutional. This would not only include the arrest and prolonged detention of Mr. Carley but the interrogation as well and all the products of the actions of Detective Tkach, Sergeant K and all of the other executive law enforcement officers and judicial officials listed in this complaint as not in the realm of how a reasonable officer would perform under these circumstances. As such, Mr. Carley is requesting this court to award Mr. Carley damages and compensation for lost wages, his reputation and monies spent for his defenses, the upkeep and storage of his property and his personal upkeep while incarcerated . . .

(Compl. ¶ 7.)

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that

the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted). As the Court of Appeals recently explained, although "there are reasonable inferences apart from [a constitutional violation] that could be drawn from the complaint . . . the fact that such inferences may be drawn is proof that the dismissal was premature. The appellants have met their obligation to provide grounds for their entitlement to relief by presenting factual allegations sufficient to raise their right to relief above a speculative level." Stevenson v. Carroll, 495 F. 3d at 65-67.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of

the Constitution and the statutes enacted by Congress pursuant thereto." <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  <u>See West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

This Court liberally construes the Complaint as raising the following potential claims under 42 U.S.C. § 1983: (A) Plaintiff's arrest and incarceration from August 16, 2005, until the date of Plaintiff's indictment, violated his rights under the Fourth Amendment, applicable to states through the Fourteenth Amendment, and (B) Plaintiff's interrogation without an attorney

violated the Self-Incrimination Clause of the Fifth Amendment, the Sixth Amendment right to an attorney, and substantive due process under the Fourteenth Amendment.

A.  Fourth Amendment

Plaintiff complains that police officers arrested him or caused him to be arrested without probable cause and pursuant to an arrest warrant that was not validly issued or accompanied by an affidavit establishing probable cause.  This Court construes these allegations as a potential Fourth Amendment claim.  The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV.

"The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation.'"  Kalina v. Fletcher, 522 U.S. 118, 130 (1997).  [I]n compliance with constitutional command . . . an arrest warrant [must] be supported by either an affidavit or sworn testimony establishing the grounds for issuing the warrant."  Id.  Thus, an arrest and the incarceration pursuant to the arrest violates the Fourth Amendment if executed pursuant to an improperly or erroneously issued warrant that does not establish probable cause.  See Kalina, 522 U.S. at 130; Malley v. Briggs, 475 U.S. 335, 345 (1986) (police officer who allegedly caused plaintiffs to be unconstitutionally arrested by presenting a judge with an affidavit that failed to establish probable cause may be found liable under § 1983 if "a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause

and that he should not have applied for the warrant"); Baker v. McCollan, 443 U.S. 137, 142-43

(1979) (interpreting § 1983 false imprisonment claim as grounded in Fourth Amendment rights).

Here, Plaintiff asserts that he was arrested on August 16, 2005, pursuant to an improperly

issued warrant which was not "supported by either an affidavit or sworn testimony establishing

the grounds for issuing the warrant." Kalina, 522 U.S. at 130.[2] This Court will allow Plaintiff's

Fourth Amendment claim to proceed past the *sua sponte* dismissal stage under 28 U.S.C. §§

1915(e) and 1915A(b) against Defendants Tkach and  Krulikowsky because these officers caused

Plaintiff's seizure pursuant to the improperly issued warrant. See Kalina, 522 U.S. at 130;

Malley, 475 U.S. at 345.  On the facts alleged in the Complaint, this Court will also allow the

Fourth Amendment claim to proceed against Citarella, Lestrange, Kida and Berkenbush. See

Whiteley, 401 U.S. at 565-59; Berg v. County of Allegheny, 219 F.3d 261, 269-71 (3d Cir.

2000); Rogers v. Powell, 120 F. 3d 446 (3d Cir. 1997).[3]

---

[2] See also Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 565-69 (1971) (where the sole support for arrest warrant was a complaint consisting of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense described in the complaint, the complaint does not support a finding of probable cause and the arrest pursuant to the warrant violates the Fourth Amendment); Franks v. Delaware, 438 U.S. 154, 165 (1978) ("a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter") (citing Aguilar v. Texas, 378 U.S. 108, 114-115 (1964)).

[3] The United States Court of Appeals ruled in Berg, 219 F. 3d at 272-73, that where an officer executes an arrest based on an objectively reasonable belief that there is a valid arrest warrant, he may be entitled to qualified immunity because it is usually reasonable for an officer to believe that an arrest warrant was issued for probable cause and an arresting officer is not required to make an independent investigation, provided his or her reliance on an arrest warrant is reasonable under the circumstances.  Plaintiff alleges that, where Tkach faxed the deficient complaint/warrants to the Scotch Plains Police Department, it was not reasonable for the Scotch Plains Defendants to rely on the facially deficient warrants.

B. Interrogation

This Court construes Plaintiff's allegations regarding his interrogation as potential claims for violation of the Self Incrimination Clause of the Fifth Amendment, the Sixth Amendment right to counsel, and the Substantive Due Process Clause of the Fourteenth Amendment.

The Fifth Amendment, applicable to states through the Fourteenth Amendment, see Malloy v. Hogan, 378 U.S. 1 (1964), requires that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  The Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444.  Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided. Id. at 479.

The problem with Plaintiff's Self-Incrimination clause claim is that "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003) (it is not until the use of a defendant's statements in a criminal case that a violation of the Self-Incrimination Clause occurs) (plurality opinion).  Likewise, Plaintiff's claims regarding the absence of counsel during the interrogation fail because there is no free-standing Fifth or Sixth Amendment claim

10

for denial of counsel during his interrogation.  See James v. York County Police Dep't, 160 Fed.

Appx. 126, 133 (3d Cir. 2005); Guiffre v. Bissell, 31 F. 3d 1241, 1256 (3d Cir. 1994).

To be sure, substantive due process protects Plaintiff from outrageous police conduct

during an interrogation.  See Chavez v. Martinez, 538 U.S. at 779-80 (plurality opinion).  "[T]he

Due Process Clause contains a substantive component that bars certain arbitrary, wrongful

governmental actions regardless of the fairness of the procedures used to implement them."

Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  Where abusive action by the executive branch is

alleged, as in this case, "only the most egregious official conduct can be said to be arbitrary in the

constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833 (1998).  "To generate

liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience.'"

Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999) (quoting Rochin v. California,

342 U.S. 165, 172-73 (1952)).  This Court finds that Plaintiff's substantive due process claim

fails because the police conduct described in the Amended Complaint relating to Plaintiff's

interrogation did not rise to the  conscience-shocking level.

Based on the foregoing, Plaintiff's § 1983 claims based on the custodial interrogation will

be dismissed.

11

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Amended Complaint without

prepayment of the filing fee, dismisses the federal claims based on the custodial interrogation,

and allows the Fourth Amendment claims to proceed.


/s/   **SUSAN D. WIGENTON, U.S.D.J.**


Dated: JANUARY   30, 2008